IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER ODLE, Individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GAMESTOP CORP. d/b/a GAMESTOP, INC.,<br><br>    Defendant. | Case No. 3:24-cv-1417<br><br>(Illinois Circuit Court, St. Clair County, No. 24-LA-0579) |

## NOTICE OF REMOVAL

Defendant GameStop Corp. d/b/a GameStop, Inc. ("GameStop") hereby removes to this Court the state court action described below.

**I.   BACKGROUND**

1. On April 19, 2024, plaintiff Christopher Odle ("Plaintiff") filed a putative class action complaint ("Complaint") in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, styled *Odle v. GameStop Corp. doing business as GameStop, Inc.*, No. 24-LA-0579 (Cir. Ct. St. Clair Cnty.).

2. The Complaint alleges that GameStop misled consumers by selling, marking, or marketing video games as "new" where the video games have been opened from their original packaging. Compl. ¶¶ 20-27. Plaintiff asserts two Counts based on these allegations: Count I for violating the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), and Count II for violating the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Plaintiff asserts these Counts on behalf of himself and a putative class defined as "[c]ommencing September 9, 2018, all Individuals who purchased a video game labeled as 'new' by GameStop where the 'new' video game has already been opened or removed by GameStop or its agents, employees or

contractors or where the manufacturers original packaging had already been removed from the video game." *Id.* ¶¶ 28-49.

3. Plaintiff seeks a preliminary and permanent injunction for Count I; compensatory damages, punitive damages, and injunctive relief for Count II; and attorneys' fees and costs for both Counts. *Id.* at pp. 5-6, Prayer for Relief.

## II. THE PROCEDURAL PREREQUISITES FOR REMOVAL ARE SATISFIED

4. Pursuant to 28 U.S.C. § 1446(a), GameStop has attached all pleadings filed and served on them in the state court proceedings as Exhibit A hereto.

5. Defendants have provided notice of the filing of this Notice of Removal to Plaintiff by service of a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d). A true and correct copy of this Notice of Removal, along with a notice of that filing, also will be filed with the Clerk of Court for St. Clair County, Illinois, in accordance with 28 U.S.C. § 1446(d).

6. GameStop was served with the summons and Complaint in this action on May 2, 2024. Therefore, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

7. Venue is proper in this Court because Plaintiff filed this action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, which lies within the Southern District of Illinois. 28 U.S.C. §§ 93(c), 1441(a).

8. Plaintiff's state court action is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441(a)-(b), and 1453, because this is a putative class action with more than 100 putative class members, there is minimal diversity, and the class members are seeking to recover in excess of $5 million.

### III.     THIS COURT HAS JURISDICTION UNDER CAFA

9.      CAFA reflects Congress's intent to have federal rather than state courts adjudicate substantial class action suits brought against out-of-state defendants. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where: (1) the putative class contains at least 100 class members; (2) any member of the putative class is a citizen of a State different from that of any defendant; and (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

10.     This action satisfies all the requirements under CAFA for federal jurisdiction. Based on the allegations in the Complaint: (A) the putative class exceeds 100 persons; (B) minimal diversity exists between Plaintiff and GameStop; (C) the amount in controversy exceeds $5 million; and (D) the exceptions to CAFA do not apply. *See id.*

#### A.     The Putative Class Exceeds 100 Persons

11.     CAFA requires that the class consists of at least 100 persons. *Id.* § 1332(d)(5). That requirement is met here. GameStop's records indicate that GameStop sold more than 3.5 million units of new video game software at its retail stores in Illinois between September 9, 2018 to the present. Declaration of Mark H. Robinson ¶ 5, attached hereto as Exhibit B ("Robinson Decl."). The putative class likely consists of many thousands of individuals given the significant amount of new video games that were purchased during this period.

#### B.     Minimal Diversity Exists Between Plaintiff and GameStop

12.     CAFA also requires minimal diversity—at least one putative class member must be a citizen of a different state than one defendant. 28 U.S.C. § 1332(d)(2).

13.     Plaintiff is a citizen of the State of Illinois. Compl. ¶ 1.

3

14. GameStop is a Delaware corporation with its principal place of business in the State of Texas. *Id.* ¶ 2; Robinson Decl. ¶ 4. GameStop is therefore a citizen of the States of Delaware and Texas for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

15. This action satisfies the minimal diversity requirements under 28 U.S.C. § 1332(d)(2)(A). *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (holding that diversity existed where Illinois class representatives sued a Delaware corporation with its principal place of business in Arizona).

C. **The Amount in Controversy Exceeds $5 Million**

16. CAFA also requires that the aggregate amount in controversy exceed $5 million for the entire putative class, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2).

17. When a complaint fails to specify the amount of damages sought, the removing party need only supply a "good-faith estimate" of the amount in controversy that is "plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Roppo v. Travelers Comm. Ins.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original) (quoting *Blomberg*, 639 F.3d at 763). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg*, 639 F.3d at 764 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

18. Here, the amount in controversy easily exceeds the sum or value of $5 million, exclusive of interest and costs, based on the compensatory damages, punitive damages, and attorneys' fees that could be recovered. *See* 28 U.S.C. § 1332(d)(2).

### 1.     Compensatory Damages

19.     Plaintiff seeks compensatory damages for GameStop's alleged violations of ICFA under Count II consisting of any monies paid to GameStop in excess of the fair market value of the video game in the condition in which it was sold and any monies paid to GameStop as a result of its alleged violations of ICFA. Compl. at p. 6, Prayer for Relief ¶¶ C-D.

20.     Plaintiff alleges that GameStop's conduct "constitutes both unfair and deceptive acts and practices" in violation of ICFA. Compl. ¶ 43. In support of that allegation, Plaintiff contends that GameStop misled consumers by selling, marking, or marketing video games as "new" where the video games had been opened from their original packaging. *Id.* ¶¶ 20-27. Plaintiff asserts that GameStop engaged in this purported conduct "in the course of trade and commerce . . . for the purpose of obtaining money from Odle and others similarly situated." *Id.* ¶¶ 45-46.

21.     Plaintiff alleges that the putative class includes all individuals in Illinois that purchased a "new" video game from GameStop since September 9, 2018 where the "new" video game had already been opened or removed by GameStop or its agents, employees, or contractors, or where the manufacturers' original packaging had already been removed from the video game. *Id.* ¶ 48.

22.     From September 9, 2018 to the present, GameStop's revenues from sales of new video game software in its retail stores in Illinois are more than $166 million—far higher than the $5 million threshold for federal jurisdiction. Robinson Decl. ¶ 6. The portion of GameStop's sales that Plaintiff alleges exceeds the "fair market value" of the games plausibly exceeds $5 million. GameStop disputes that any member of the putative class was damaged *at all*, and GameStop disputes that any alleged damages could rise to the level of new video game purchases during the relevant period. Nevertheless, for purposes of removal, over $5 million is undoubtedly "in

5

controversy." *See Roppo*, 869 F.3d at 579 (quoting *Spivey*, 528 F.3d at 986) ("A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'").

### 2. Punitive Damages

23. Plaintiff also seeks punitive damages for GameStop's alleged violations of ICFA under Count II. Compl. at p. 6, Prayer for Relief ¶¶ D, G. Courts in the Seventh Circuit consider punitive damages in determining the amount in controversy to the extent they are recoverable under the underlying statute. *Oshana*, 472 F.3d at 512 (considering punitive damages in determining amount in controversy because "although the complaint was silent about punitive damages, [ICFA] permits recovery of punitive damages, and [plaintiff] could have amended her state court complaint to seek a punitive damages award"). ICFA authorizes punitive damages under certain circumstances at the court's discretion. 815 ILCS § 505/10a(a). While GameStop disputes that any punitive damages would be appropriate in this action, such damages are nevertheless included in the amount in controversy.

24. The Seventh Circuit recognizes that a punitive damages multiplier of at least seven times compensatory damages may be constitutionally permissible in a case under ICFA. *See, e.g.*, *Keeling v. Esurance Ins.*, 660 F.3d 273, 275 (7th Cir. 2011) (citing *Gehrett v. Chrysler Corp.*, 379 Ill. App. 3d 162 (Ill. 2008) and *Bates v. William Chevrolet/GEO, Inc.*, 337 Ill. App. 3d 151 (Ill. 2003))) (recognizing that courts in the State of Illinois have affirmed punitive damages awards under ICFA with multipliers up to at least seven).

25. While not necessary here given the large volume of sales during the relevant period, the addition of punitive damages makes clear that this putative class action exceeds the $5 million threshold. Indeed, if only the lowest punitive damage multiplier of 2x were applied, then the alleged compensatory damages need only be $2.5 million—a mere 1.5% of GameStop's revenue

from sales of new video game software in Illinois during the alleged class period. *See Keeling*, 660 F.3d at 275. Therefore, with the inclusion of alleged punitive damages, the amount in controversy here rises well above the $5 million threshold. *See* 28 U.S.C. § 1332(d)(2).

### 3. Attorneys' Fees and Costs

26. Plaintiff also seeks attorneys' fees for GameStop's alleged violations of UDTPA and ICFA under Counts I and II. Compl. at pp. 5-6, Prayer for Relief ¶¶ D, G. Attorneys' fees "may count toward the amount in controversy if the plaintiff has a right to them 'based on contract, statute, or other legal authority.'" *Webb v. Fin. Indus. Reg. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) (quoting *Ross v. Inter-Ocean Ins.*, 693 F.2d 659, 661 (7th Cir. 1982)). Here, both UDTPA and ICFA authorize an award of attorneys' fees in certain circumstances. 815 ILCS § 510/3; 815 ILCS § 505/10a(c). Accordingly, attorneys' fees are also included in the amount in controversy calculation.

27. In the Seventh Circuit, only attorneys' fees incurred up to the time of removal may be included in the amount in controversy for purposes of CAFA. *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011) (citing *Oshana*, 472 F.3d at 512). While GameStop disputes that Plaintiff is entitled to any attorneys' fees, the possibility of such fees pushes the amount in controversy even higher above the $5 million threshold. *See* 28 U.S.C. § 1332(d)(2). Therefore, the amount in controversy requirement under CAFA is met. *Id.*

### D. The Exceptions to CAFA Do Not Apply

28. Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680-81 (7th Cir. 2006) (the party seeking to remand the case to state court bears the burden of establishing the exceptions to CAFA).

29. CAFA provides certain mandatory and discretionary exceptions to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). *All* the CAFA exceptions require, as a starting point, an in-state defendant. *See id.* § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state defendant (home state exception and discretionary exception)). Here, there is no in-state defendant, and none of the CAFA exceptions could possibly apply here.

30. Because the CAFA prerequisites are met and none of the exceptions apply, this case is properly removable under CAFA.

**WHEREFORE**, Defendant GameStop Corp. respectfully requests that this Court assume full jurisdiction over this action.

Dated:  May 31, 2024                     Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Kyle P. Seelbach*
    Kyle P. Seelbach, #6233971
    8001 Forsyth Blvd., Suite 1500
    St. Louis, MO  63105
    Phone:  314-480-1500
    Facsimile: 314-480-1505
    kyle.seelbach@huschblackwell.com

*Counsel for Defendant GameStop Corp. d/b/a GameStop, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 31st day of May, 2024, a true copy of the foregoing **NOTICE OF REMOVAL** was served upon counsel of record via the Court's electronic case filing system.

/s/ *Kyle P. Seelbach*

*Counsel for Defendant GameStop Corp. d/b/a GameStop, Inc.*