# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Thu, May 2, 2024 |
| Server Name: | Matthew Bert |

| | |
|---|---|
| Entity Served | GAMESTOP, INC. |
| Case Number | 2024 LA 0579 |
| Jurisdiction | IL |

| Inserts | |
|---|---|
| | |



This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| St. Clair COUNTY | | |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | Christopher Odle, Individually and on behalf of all others similarly situated, <br> **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Below "Defendants/Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)* <br> GameStop Corp. d/b/a GameStop, Inc. | **24LA0579** <br> Case Number |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

# IMPORTANT: You have been sued.

- Read all documents attached to this Summons.

- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

### Plaintiff/Petitioner:

**Do not use this form** in these types of cases:
- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for each additional Defendant/Respondent.

SU-S 1503.4                                        Page 1 of 5                                        (05/23)

Enter the Case Number given by the Circuit Clerk: __24LA0579__

| | | |
|---|---|---|
| In 1a, enter the name and address of the first Defendant/Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1. Defendant/Respondent's address and service information:** | |
| | a. Defendant/Respondent's primary address/information for service: | |
| | Name *(First, Middle, Last)*: GameStop Corp. d/b/a GameStop, Inc. | |
| | Registered Agent's name, if any: CT Corporation System | |
| | Street Address, Unit #: 208 South LaSalle Street, Suite 814 | |
| | City, State, ZIP: Chicago, IL 60604 | |
| | Telephone: _____  Email: _____ | |
| In 1b, enter a second address for the first Defendant/Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: | |
| | Name *(First, Middle, Last)*: _____ | |
| | Street Address, Unit #: _____ | |
| | City, State, ZIP: _____ | |
| | Telephone: _____  Email: _____ | |
| In 1c, check how you are sending your documents to this Defendant/Respondent. | c. Method of service on Defendant/Respondent: | |
| | ☐ Sheriff   ☐ Sheriff outside Illinois: _____ | |
| | *County & State* | |
| | ☒ Special process server   ☐ Licensed private detective | |

| | |
|---|---|
| Check here if you are serving more than 1 Defendant/Respondent. Attach an *Additional Defendant/Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached. | ☐ **I am serving more than 1 Defendant/Respondent.** |
| | I have attached _____ Additional Defendant/Respondent Address |
| | *Number* |
| | and *Service Information* forms. |
| | **2. Information about the lawsuit:** |
| | a. Amount claimed: $ Excess $50,000.00 |
| In 2a, enter the amount of money owed to you. Check 2b if you are asking for the return of tangible personal property. | ☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession). |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:** |
| | Name *(First, Middle, Last)*: David Cates, The Cates Law Firm, LLC (#6289198) |
| | Street Address, Unit #: 216 West Pointe Drive, Suite A |
| | City, State, ZIP: Swansea, IL 62226 |
| | Telephone: 618-277-3644   Email: dcates@cateslaw.com |
| | **GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties. |

| Important information for the person getting this form | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms. |
|---|---|

| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4. Instructions for person receiving this *Summons* (Defendant):** |
|---|---|
| | ☒ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at: |
| | Address: #10 Public Square |
| | City, State, ZIP: Belleville, IL 62220 |

| | |
|---|---|
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response*. | ☐ b. Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>　　　Date　　　　　　　　Time　　　　　　　　　　　　　　　　Courtroom<br>**In-person at:**<br><br>_____<br>Courthouse Address　　　City　　　　　　　　State　　　ZIP<br>OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>　By telephone: _____<br>　　　　　　　　Call-in number for telephone remote appearance<br>　By video conference: _____<br>　　　　　　　　　　　Video conference website<br><br>_____<br>Video conference log-in information (meeting ID, password, etc.)<br><br>Call the Circuit Clerk at: _____ or visit their website<br>　　　　　　　　　　　Circuit Clerk's phone number<br>at: _____ to find out more about how to do this.<br>　　　Website |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | |

4/23/2024
Angela Gladney

**Witness this Date:** _____

**Clerk of the Court:** _____

Seal of Court
KINNIS WILLIAMS, SR. Circuit Clerk

| |
|---|
| **STOP!** The Circuit Clerk will fill in this section. |

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**
- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _____
(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)

Enter the Case Number given by the Circuit Clerk: _____

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>_____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.<br><br>_____<br>**Defendant / Respondent** *(First, middle, last name)* | **24LA0579**<br>Case Number |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.\*\***

**My name is** _____ **and I state**
           *First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
_____ **as follows:**
*First, Middle, Last*

  ☐ Personally on the Defendant/Respondent:
     ☐ Male  ☐ Female  ☐ Non-Binary   Approx. Age: _____  Race: _____
     On this date: _____  at this time: _____  ☐ a.m.  ☐ p.m.
     Address, Unit#: _____
     City, State, ZIP: _____

  ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
     On this date: _____  at this time: _____  ☐ a.m.  ☐ p.m.
     Address, Unit#: _____
     City, State, ZIP: _____
     And left it with: _____
                    *First, Middle, Last*
     ☐ Male  ☐ Female  ☐ Non-Binary   Approx. Age: _____  Race: _____
     and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: _____ .

  ☐ On the Corporation's agent, _____
                              *First, Middle, Last*
     ☐ Male  ☐ Female  ☐ Non-Binary   Approx. Age: _____  Race: _____
     On this date: _____  at this time: _____  ☐ a.m.  ☐ p.m.
     Address: _____
     City, State, ZIP: _____

☐ I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

| DO NOT complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | *Signature by:* _____ ☐ Sheriff ☐ Sheriff outside Illinois: _____ *County and State* ☐ Special process server ☐ Licensed private detective _____ *Print Name* | **FEES** Service and Return: $ _____ Miles _____ $ _____ Total $ _____ |

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Angela Gladney
24LA0579
St. Clair County
4/19/2024 4:07 PM
27346990

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| CHRISTOPHER ODLE, Individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. __24LA0579__ |
| GAMESTOP CORP. d/b/a GAMESTOP, INC. ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, by and through his undersigned counsel, and for his Complaint against GameStop Corp., d/b/a GameStop, Inc., (hereafter, "GameStop"), states as follows:

### PARTIES

1. At all times relevant herein, Christopher Odle was a resident of St. Clair County, Illinois.

2. At all times relevant herein, GameStop was a Delaware Corporation, with its principal place of business located in Texas.

### JURISIDCTION AND VENUE

3. Jurisdiction exists pursuant to 735 ILCS 5/2-209 (a)(1) as GameStop transacts business in the State of Illinois; (a)(2) as GameStop has committed tortious acts in the State of Illinois, and (b)(4) as GameStop is doing routine and substantial business in Illinois.

4. Venue exists in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, because the tortious conduct committed was committed against residents of St. Clair County and the tortious conduct occurred in St. Clair County.

## FACTS SPECIFIC TO CHRISTOPHER ODLE

5. On or about September 9, 2021, Christopher Odle ("Odle") went to a St. Clair County GameStop retail location to purchase a video game for an Xbox One.

6. On or about December 13, 2022, Odle went to a St. Clair County GameStop retail location to purchase four video games for the Nintendo Switch.

7. Video games for both of these systems are sold as CD or DVD style discs.

8. At thr time of said purchases, Odle selected new video games and chose to buy new video games, as opposed to a used video games.

9. Odle selected the games he wished to buy, but the game packaging he selected did not contain the actual disc that contains the game software.

10. Odle went to the GameStop counter and informed the sales associate that he wished to purchase these games "new," As opposed to pre-owned or used.

11. The sales associate sold Odle games that were represented as "new."

12. The prices for these games were between $50.00 and $60.00 per game, which is generally the accepted price for a "new" version of these games.

## FACTS COMMON TO ALL COUNTS

13. Video game sales are a multi-billion dollar per year business.

14. This includes sales of new games, sales of pre-owned and used games and other related transactions.

15. Generally, the expectation of consumers is that when they buy a "new" game, it is a game for which the original manufacturer packaging has not been opened.

16. It is a well-known fact in the video game industry and resale market that a game in its "original" manufactures packaging that is still sealed is worth more than a game that has been opened.

17. For these reasons, purchasers of "new" games are willing to pay a premium in price for a "new" games versus a "used" or "opened" or "pre-owned" game.

18. GameStop is aware of this, and prices "new" games differently than "used" and "pre-owned" games.

19. To further illustrate GameStop's awareness of this point, GameStop's return policy on its website draws a specific difference between the return of "unopened" products such as video games and those that have been opened.

20. Upon information and belief, GameStop has a company-wide policy that limits or prohibits placing unopened video games on the floor of retail stores because of a belief that such games are easily portable and may be stolen.

21. To combat this perceived risk, GameStop has a company-wide policy that provides that video game discs are to be kept behind the counter to prevent theft.

22. As a result, almost every "new" game that GameStop sells has actually been opened.

23. GameStop effectuates this policy despite the fact that GameStop's return policy draws a distinction between opened and unopened games.

24. GameStop does this despite the fact GameStop is aware that unopened games in the original manufacturers sealed packaging are worth more in the video game market than opened games.

25. Despite this knowledge, GameStop charges its customers a premium price for games that GameStop itself has opened.

26. Despite the fact that GameStop has opened the game packaging, GameStop markets these games as "new."

27. GameStop customers who purchase games sold, marked or marketed as "new" games, when those games have already been opened, are purchasing a product that is not worth the premium price they are paying for it, comes with less return options and is worth less on the resale market.

## COUNT I
*(Illinois Uniform Deceptive Trade Practices Act)*
*(815 ILCS 510/1, et seq.)*

28. Odle incorporates paragraphs 1-27 above as though fully set forth herein under this Count I.

29. The Illinois Uniform Deceptive Trade Practices Act ("UDTPA") defines several practices which are considered unlawful. *815 ILCS 510/1, et seq.*

30. The UDTPA definition of "person" includes GameStop.

31. The UDTPA makes it unlawful to represent goods as having characteristics they do not have. *815 ILCS 510/2(5).*

32. The UDTPA makes it unlawful to represent that goods are new if they are altered. *815 ILCS 510/2(6).*

33. The UDTPA makes it unlawful to represent that goods are of a particular quality or standard or grade if they are not. *815 ILCS 510/7.*

34. The UDTPA makes it unlawful to engage in any activity which creates a likelihood of confusion or misunderstanding.

35. As a direct and proximate result of the actions of GameStop in violation of the UDTPA, Odle was injured and damaged.

36. Further, that the injuries and damages complained of by Odle are the same injuries and damages incurred by the other members of the class who were similarly wronged by GameStop.

WHEREFORE, Odle requests that the Court grant the following relief in favor of Odle and the Class he seeks to represent and against GameStop:

A. A preliminary and permanent injunction against GameStop to stop these violations;

B. Costs and attorney's fees incurred in bringing this suit.

## COUNT II
### (ILLINOIS CONSUMER FRAUD and DECEPTIVE BUSINESS PRACTICES ACT)
### (815 ILCS 505/1, et seq.)

37. Odle incorporates paragraphs 1-36 as stated above as though fully set forth under this Count II.

38. Odle and all others similarly situated are "persons" within the meaning of 815 ILCS 505/1(c).

39. GameStop is a "person" within the meaning of 815 ILCS 505/1(c).

40. Odle and all others similarly situated are "consumers" within the meaning of 815 ILCS 505/1(e).

41. At all times relevant herein, GameStop "conducted trade and commerce" within the meaning of 815 ILCS 505/1(f).

42. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2, provides:

> [U]nfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation, or the

concealment, suppression, or omission of any material fact . . . in the conduct of any trade or commerce are hereby declared unlawful . . .

43. GameStop's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2.

44. In addition, violation of the UDAP is also a violation of ICFA. *815 ILCS 505/2.*

45. GameStop engaged in such conduct in the course of trade and commerce.

46. GameStop engaged in such conduct for the purpose of obtaining money from Odle and others similarly situated.

47. As a direct and proximate result of the material misrepresentations and/or omissions, GameStop violated the ICFA and Odle was injured and damaged.

48. Further that the injuries and damages complained of by Odle are the same injuries and damages incurred by other members of the class who were similarly wronged by GameStop.

WHEREFORE, Odle requests that the Court enter judgment in his favor and in favor of the Class and against GameStop for:

    a. Actual damages; and,

    b. Punitive damages; and,

    c. An injunction against further violations; and,

    d. Attorney's fees, litigation expenses and costs of suit; and,

    e. Such other or further relief as the Court deems proper.

## CLASS ALLEGATIONS

49. Odle brings this action pursuant to 735 ILCS 5/2-801, *et seq.*, on behalf of himself and all others similarly situated, as representative of the following Illinois Class:

**Illinois Class:**    Commencing September 9, 2018, all Individuals who purchased a video game labeled as "new" by GameStop where the "new" video

      game had already been opened or removed by GameStop or its agents, employees or contractors or where the manufacturers original packaging had already been removed from the video game.

      Excluded from the Class are: 1) GameStop employees, including its officers and agents and the immediate family of those persons; 2) Counsel for the parties herein; and 3) the Judge of the Court to which this case is assigned.

50. The requirements of 735 ILCS 5/2-801 have been met in that:

    a. The members of the Class are so numerous that joinder of all members would be impractical. The class encompasses all purchasers of "new" video games from GameStop in the State of Illinois for the past 3 years.

    b. There are questions of fact or law common to the members of the Class which common questions predominate over any questions affecting only individual members. Such questions include, but are not limited to:

        i. Does GameStop have a policy to remove "new" video games discs from the box; and/or

        ii. Does GameStop have a policy to remove the manufacturers' original packaging from "new" video games; and/or

        iii. Does GameStop price "new" video games at the same or similar price to other retailers selling "new" video games where the discs have not been removed; and/or,

        iv. Does GameStop price "new" video games at the same or similar price to other retailers selling "new" video games where the manufacturers original packaging has not been removed; and/or,

        v. Does GameStop market video games where the disc has been removed as "new"; and/or

        vi. Does GameStop market or sell Pre-owned or used video games as "new; and/or

        vii. Does GameStop market video games where the manufacturer's original packaging has been removed as "new"; and/or

      viii.   Whether GameStop violated 815 ILCS 510/1, *et. seq.*; and/or

      ix.   Whether GameStop violated 815 ILCS 505/1, *et seq.*

c.     Odle is a member of the Class he seeks to represent and will fairly and adequately assert, represent and protect the interests of the class. The interests of Odle are coincident with, and not antagonistic to, those of the other members of the Class. Odle has retained attorneys who are experienced in class action litigation.

d.     The prosecution of separate actions by individual members of the class could lead to inconsistent or varying adjudications with respect to individual members of the class and could substantially impair or impede the ability of other class members to protect their interests.

e.     The class action vehicle is the most appropriate and superior method for the fair and efficient adjudication of this controversy, given that:

    (1)    Common questions of law or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

    (2)    Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

    (3)    Class treatment is required for optimal deterrence and compensation and for limiting legal expenses incurred by class members;

    (4)    Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation;

    (5)    No unusual difficulties are likely to be encountered in management of this action as a class action in that all questions of law or fact to be litigated at the liability stage are common to both classes; and,

(6) Class certification is fair and efficient because prosecution of separate actions would create a risk of adjudications with respect to individual members of the class, which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication, or may substantially impair or impede their ability to protect their interests.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Christopher Odle, individually and on behalf of all others similarly situated, respectfully prays for an Order and Judgment as follows:

A. Certifying this action as a class action with an Illinois Class defined as set forth above (or as the Court may otherwise define), appointing Odle as class representative for the Class; and,

B. For an Order appointing David Cates and The Cates Law Firm, LLC and Sean Cronin and Donovan Rose Nester, P.C. and Chad Mooney and The Gori Law Firm as Co-Class Counsel herein; and,

C. For a judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00) that will reimburse Odle and the members of the Illinois Class for any monies paid to GameStop in excess of the actual fair market value of the video game in the condition in which it was sold,

D. For a judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00) that will reimburse Odle and the members of the Illinois Class for any monies paid to GameStop as a result of its violation of the Illinois Consumer Fraud And Deceptive Business Practices Act – 815 ILCS 505, *et seq*. and all statutory damages available therein, including any attorneys' fees, punitive damages and costs incurred; and,

E. For injunctive relief, as allowed by 815 ILCS 510, *et seq*.; and

F. For an award of pre-judgment and post-judgment interest as provided by law; and,

G. For attorney fees, punitive damages and all other damages as authorized by law; and,

H. For such further relief which the Court deems just and proper under the circumstances.

### NOTICE OF LIEN

Please be advised that counsel for Odle has a lien upon any recovery herein for attorney fees and costs up to 33-1/3% or in such amount as the court awards.

Respectfully Submitted,

By:    /s/David Cates
David Cates, #6289198
Katie St. John, #6340448
THE CATES LAW FIRM, LLC
216 West Pointe Drive, Suite A
Swansea, IL 62226
Telephone: (618) 277-3644
Facsimile: (618) 277-7882
Email: dcates@cateslaw.com
       kstjohn@cateslaw.com

Sean K. Cronin, #6292625
DONOVAN ROSE NESTER, P.C.
15 North 1st St., Suite A
Belleville, IL 62220
Telephone: (618) 212-5400
Facsimile: (618) 212-6501
Email: scronin@drnpc.com

Chad M. Mooney, #6311237
THE GORI LAW FIRM
156 N. Main Street
Edwardsville, IL 62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834
Email: cmoney@gorilaw.com